**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Rosa Delia Archaga Mejia and<br>Brenda Suyapa Moreno Lopez<br><br>                    Plaintiffs,<br><br><br>          v.<br><br>Geeta's Cafe Inc.<br>d/b/a Bengali Sweet Shop and<br>Rajesh Kumar<br><br>                    Defendants. | Case No.<br><br><br><br>**COMPLAINT**<br><br>PLAINTIFFS<br>DEMANDS TRIAL BY<br>JURY |

Plaintiffs, Rosa Delia Archaga Mejia (may be referred to as "Rosa") and Brenda Suyapa Moreno Lopez (may be referred to as "Brenda") they may collectively be referred to as "Plaintiffs", by and through their attorney, Daniel I. Schlade, complain against Geeta's Cafe Inc. d/b/a Bengali Sweet Shop ("Defendant" or "Geeta's") and Rajesh Kumar ("Defendant" or "Kumar"). Geeta's and Kumar may collectively be referred to as "Defendants". In support of this Complaint, Plaintiff states:

### Introduction

1.      This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as violations of the New York Labor Law, Section 190, *et. seq.* ("NYLL")

### Parties

2.      Plaintiff R o sa is a resident of Hicksville, New York; and s he was employed by Geeta's and Kumar.

3.      Plaintiff B r e n d a is a resident of Hicksville, New York; and s he was employed

by Geeta's and Kumar.

4.      Geeta's is a business that is located, headquartered, and conducts business in Hicksville.

5.      Kumar is the owner and m an ag er  o f  Geeta's Cafe Inc. and he is in charge of its employees. On information and belief, Kumar is a resident of Hicksville, New York.

6.      Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.  Additionally, they have more than three employees.

## Jurisdiction And Venue

7.      The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in the Eastern District of New York because all underlying facts and transactions occurred in or about Hicksville, New York.

## Facts Common To All Claims

9.      Geeta's is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity in the state of New York.

10.      Kumar is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at Geeta's; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

**FIRST CLAIM FOR RELIEF**
**(Rosa Delia Archaga Mejia v. Geeta's Cafe, Inc. and Rajesh**
**Kumar d/ b/a Bengali Sweet Shop;**
**Failure to Pay Overtime Wages In Violation of the FLSA)**

11.     Plaintiffs reincorporates by reference Paragraphs 1 through 10, as if set forth in full herein for Paragraph 11.

12.     Plaintiff Rosa began working at Geeta's in or before March 14, 2021 and is still employed.

13.     At all times, Plaintiff held the same position at Geeta's, they were a restaurant crew member.  Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform cleaning kitchen and dining area of restaurant, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

14.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 50 hours per week.

15.     Plaintiff was paid their wages on a(n) hourly basis.

16.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

17.     Plaintiff's rate of pay was $14 per hour from March 2021- June 2022 thereafter from July 2022 even until now rate of pay is $15 per hour.

18.     Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

19.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

20.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

Defendant knew or should have known that Plaintiff was entitled to time-and-a-half wages for hours worked in excess of 40 per week, and thus its conduct was willful.

21.     Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes:

(i)     $9,075.00 in unpaid minimum wages; (ii) liquidated damages of $9,075.00; and (iii) Plaintiff's attorney's fees and costs, to be determined.  A calculation of Plaintiff's damages are attached as Exhibit A.

### SECOND CLAIM FOR RELIEF
**(Rosa Delia Archaga Mejia v. Geeta's Cafe, Inc. and Rajesh
Kumar d/ b/a Bengali Sweet Shop;
Failure to Pay Overtime Wages In Violation of the NYLL)**

22.     Plaintiffs incorporates by reference Paragraphs 1-21, as if set forth in full herein for this Paragraph 22.

23.     This count arises from Defendants' violation of the NYLL, by: failing to pay Rosa New York mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of the NYLL.

24.     Defendant's failure to pay Plaintiff the New York-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

25.     Pursuant to the NYLL, Plaintiff is entitled to recover unpaid minimum wages for six (6) years prior to the filing of this suit, which amount totals $9,075.00.

26.     In additional Defendants' violation of the NYLL was willful, and thus Plaintiff is entitled to recover liquidated damages pursuant to the NYLL totaling $9,075.00.

### THIRD CLAIM FOR RELIEF
**(Rosa Delia Archaga Mejia v. Geeta's Cafe, Inc. and Rajesh
Kumar d/ b/a Bengali Sweet Shop;**

**Failure to Issue Accurate Age Notices In Violation of the**
**NYLL)**

27.     Plaintiffs incorporates by reference Paragraphs 1-26, as if set forth in full herein for this

Paragraph 27.

28.     NYLL §§ 195(1) and (2) require employers to issue accurate wage notices to employees

at the time of their hiring or when any changes to the information required to appear on wage

notices occurs.

29.     During the six years preceding this Complaint, Rosa experienced material changes

in their employment, including the rate of pay at which Plaintiff was compensated.

30.     During the preceding six years, Defendants unlawfully failed to issue accurate wage

notices to Plaintiff by failing to notify Plaintiff of their accurate rate of pay, including overtime

pay.

31.     Due to Defendants' NYLL violations, Plaintiff is entitled to $50 per day for every day

accurate wage notices were not provided, up to $5,000 per person, plus interest and attorneys'

fees and costs.

**FOURTH CLAIM FOR RELIEF**
**(Rosa Delia Archaga Mejia v. Geeta's Cafe, Inc. and Rajesh**
**Kumar d/ b/a Bengali Sweet Shop;**

**Failure to Furnish Accurate Wage Statements/Paystubs)**

32.     Plaintiffs incorporates by reference Paragraphs 1-31, as if set forth in full herein for this

Paragraph 32.

33.     NYLL § 195(3) requires employers to furnish employees with accurate wage

statements, i.e., pay stubs, that include accurate, inter alia, rate or rates of pay and basis thereof,

and hours worked.

34.     During the preceding six years, Defendants unlawfully failed to issue accurate wage

statements to Rosa, including failing to include overtime pay in any such wage statements. 35. Due to Emblem's NYLL violations, Plaintiffs and the NYLL Class Members are each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

**WHEREFORE**, Plaintiff Rosa Delia Archaga Mejia respectfully requests that the Court enter a judgment in their favor and against Defendants Geeta's and Kumar jointly and severally, for:

A.  An award for Defendant's violations of the FLSA in the amount of unpaid minimum wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks,  totaling at least $9,075.00;

B.  An award of liquidated damages for Defendant's willful violations of the FLSA in an amount equal to at least $9,075.00;

C.       An award for Defendant's violations of the NYLL and/or its regulations, totaling at least $9,075.00 plus such pre-judgment and post-judgment interest as may be allowed by law;

D.       An award of liquidated damages for Defendant's willful violations of the NYLL in an amount equal to at least $9,075.00.

E.       An award of $50 for each day that Defendants violated NYLL § 195(1) and/or (2), up to $5,000.00

F.       An award of $250 for each violation of of NYLL § 195(3) by Defendants, up to $5,000.00

G.  A declaration that Defendants violated the FLSA;

H.  An award reasonable attorneys' fees and costs; and

I.  Any such additional or alternative relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (Brenda Suyapa Moreno Lopez v. Geeta's Cafe, Inc. and
### Rajesh Kumar d/ b/a Bengali Sweet Shop;
### Failure to Pay Overtime Wages In Violation of the FLSA)

36.     Plaintiffs reincorporates by reference Paragraphs 1 through 35, as if set forth in full herein for Paragraph 36.

37.     Plaintiff Brenda began working at Geeta's in or before March 14, 2021 and is still employed.

38.     At all times, Brenda held the same position at Geeta's, she was a restaurant crew member.  Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because she was employed by Defendants to perform cleaning kitchen and dining area of restaurant, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

39.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 60 hours per week.

40.     Plaintiff was paid their wages on a(n) hourly basis.

41.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

42.     Plaintiff's rate of pay was $14 per hour.

43.     Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

44.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

45.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

Defendant knew or should have known that Plaintiff was entitled to time-and-a-half wages for hours worked in excess of 40 per week, and thus its conduct was willful.

46.     Plaintiff is entitled to recover unpaid min wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i)$11,550.00 in unpaid minimum wages; (ii) liquidated damages of $11,550.00; and (iii) Plaintiff's attorney's fees and costs, to be determined.  A calculation of Brenda's damages are attached as Exhibit B.

## SIXTH CLAIM FOR RELIEF
**(Brenda Suyapa Moreno Lopez v. Geeta's Cafe, Inc. and
Rajesh Kumar d/ b/a Bengali Sweet Shop;
Failure to Pay Overtime Wages In Violation of the NYLL)**

47.     Plaintiffs incorporates by reference Paragraphs 1-46, as if set forth in full herein for this Paragraph 47.

48.     This count arises from Defendants' violation of the NYLL, by failing to pay Brenda New York mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of the NYLL.

49.     Defendant's failure to pay Plaintiff the New York-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

50.     Pursuant to the NYLL, Plaintiff is entitled to recover unpaid minimum wages for six (6) years prior to the filing of this suit, which amount totals $11,550.00.

51.     In additional Defendants' violation of the NYLL was willful, and thus Plaintiff is entitled to recover liquidated damages pursuant to the NYLL totaling $11,550.00.

## SEVENTH CLAIM FOR RELIEF
**(Brenda Suyapa Moreno Lopez v. Geeta's Cafe, Inc. and
Rajesh Kumar d/ b/a Bengali Sweet Shop;**

**Failure to Issue Accurate Age Notices In Violation of the
NYLL)**

52.     Plaintiffs incorporates by reference Paragraphs 1-51, as if set forth in full herein for this

Paragraph 52.

53.     NYLL §§ 195(1) and (2) require employers to issue accurate wage notices to employees

at the time of their hiring or when any changes to the information required to appear on wage

notices occurs.

54.     During the six years preceding this Complaint, Brenda experienced material changes

in their employment, including the rate of pay at which Plaintiff was compensated.

55.     During the preceding six years, Defendants unlawfully failed to issue accurate wage

notices to Brenda by failing to notify Plaintiff of their accurate rate of pay, including overtime

pay.

56.      Due to Defendants' NYLL violations, Plaintiff is entitled to $50 per day for every day

accurate wage notices were not provided, up to $5,000 per person, plus interest and attorneys'

fees and costs.

**EIGHTH CLAIM FOR RELIEF**
**(Brenda Suyapa Moreno Lopez v. Geeta's Cafe, Inc. and**
**Rajesh Kumar d/ b/a Bengali Sweet Shop;**
**Failure to Furnish Accurate Wage Statements/Paystubs)**

57.      Plaintiffs incorporates by reference Paragraphs 1-56, as if set forth in full herein for this

Paragraph 57.

58.     NYLL § 195(3) requires employers to furnish employees with accurate wage

statements, i.e., pay stubs, that include accurate, inter alia, rate or rates of pay and basis thereof,

and hours worked.

59.     During the preceding six years, Defendants unlawfully failed to issue accurate wage

statements to Brenda, including failing to include overtime pay in any such wage statements.

60.    Due to Emblem's NYLL violations, Plaintiffs and the NYLL Class Members are each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

**WHEREFORE**, Plaintiff Brenda Suyapa Moreno Lopez respectfully requests that the Court enter a judgment in their favor and against Defendants Geeta's and Kumar jointly and severally, for:

A.  An award for Defendants' violations of the FLSA in the amount of unpaid minimum wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks,  totaling at least $11,550.00;

B.  An award of liquidated damages for Defendants' willful violations of the FLSA in an amount equal to at least $11,550.00;

C.    An award for Defendants' violations of the NYLL and/or its regulations, totaling at least $8,250.00 plus such pre-judgment and post-judgment interest as may be allowed by law;

D.    An award of liquidated damages for Defendants' willful violations of the NYLL in an amount equal to at least $11,550.00.

E.    An award of $50 for each day that Defendants violated NYLL § 195(1) and/or (2), up to $5,000.00

F.    An award of $250 for each violation of of NYLL § 195(3) by Defendants, up to $5,000.00

G.  A declaration that Defendants violated the FLSA;

H.  An award reasonable attorneys' fees and costs; and

I.  Any such additional or alternative relief as this Court deems just and proper.

Rosa Delia Archaga Mejia and
Brenda Suyapa Moreno Lopez


s/Daniel I. Schlade
Attorney for Plaintiffs

Daniel I. Schlade
(New York Bar No. 5916697)
Attorney for Plaintiffs
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
Phone: 773-550-3775
Email: dschlade@justicialaboral.com

    danschlade@gmail.com


**<u>PLAINTIFFS DEMAND TRIAL BY JURY IN ALL COUNTS ALLOWED</u>**